IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DOMINIC H. PRESUTTI,** | : | |
| Plaintiff, | : | Case No. 2:02-cv-340 |
| v. | : | Judge Holschuh |
| **DELPHINE PRESUTTI, et al.,** | : | Magistrate Judge Kemp |
| Defendants. | : | |
| | : | |

## ORDER

Plaintiff filed suit against his nieces, Delphine Presutti and Barbara Ann Lucas, alleging that they breached their fiduciary duty as majority shareholders in a family-owned business, Ohio Fireworks Manufacturing, Inc. Plaintiff also sought to partition the real property on which the business is located, and demanded an equitable accounting regarding Defendants' use of that real property. The Court dismissed Plaintiff's claims without prejudice for lack of subject matter jurisdiction. (Doc. ## 23, 88). This matter is now before the Court on Defendants' motion for an award of attorney fees and costs against Plaintiff as well as Plaintiff's attorneys. (Doc. #90).

**I. Background and Procedural History**

Plaintiff Dominic Presutti and his late brother, Veto Presutti, jointly owned and operated Ohio Fireworks Manufacturing, Inc. ("Ohio Fireworks"), located on 124 acres in Belmont County, Ohio. Ohio Fireworks sold both retail fireworks (Class C) and display fireworks (Class B). In 1996, after the Bureau of Alcohol, Tobacco and Firearms threatened to revoke the Class B license because of safety violations, Veto's daughter, Defendant Delphine Presutti, purchased the Class B portion of the business and began operating it as a separate corporate entity called

Pyrotechnics by Presutti, Inc. ("Pyrotechics").  In 1997, Dominic and Veto entered into an Amended Lease with Pyrotechnics whereby Pyrotechnics was permitted to use a portion of the 124 acres and some of the buildings located on the property.

Over the next several years, the relationship between the brothers' families deteriorated. Dominic made an offer to purchase Veto's interest in Ohio Fireworks, but the offer was rejected. After Veto died in September of 2000, his interest in Ohio Fireworks passed to his daughters, Delphine Presutti and Barbara Ann Lucas.  A dispute then arose between Dominic Presutti and his nieces concerning who owned the controlling interest in Ohio Fireworks.  Dominic withdrew most of the money, $14,000, from the corporate checking account and changed the locks on the buildings and post office boxes.  He also attempted to get his nieces to execute a close corporation agreement giving him control over the company.  When they refused to do so, he filed a declaratory judgment action in the Belmont County Court of Common Pleas, seeking a declaration that he owned 50% of the thirty-three shares of Ohio Fireworks stock.  On April 25, 2001, the court determined that Delphine and Barbara Ann were the majority shareholders, owning seventeen of the thirty-three shares.  This decision was affirmed on appeal on December 31, 2002.

On April 9, 2002, Plaintiff filed suit against his nieces.  He alleged that, since April 25, 2001, Defendants had breached their fiduciary duty as majority shareholders in a close corporation by using their majority interest to their own advantage and to Plaintiff's disadvantage, depriving him of the benefit of corporate ownership in proportion to his ownership of stock.  Plaintiff brought his claim for breach of fiduciary duty as a direct action rather than as a shareholder derivative suit.  He sought compensatory and punitive damages, attorneys' fees

and costs.  He also sought a preliminary and permanent injunction requiring Defendants to make the corporate records of both companies open for inspection and requiring annual independent audits of both companies' books.

In addition to the breach of fiduciary duty claim, Plaintiff sought partition of the real property on which Ohio Fireworks and Pyrotechnics were located.  Finally, Plaintiff sought an equitable accounting, based on his claim that Defendants had permitted Pyrotechnics to wrongfully use and occupy certain parts of that real property.

On April 17, 2003, the Court found that, because there was no "case or controversy," it lacked subject matter jurisdiction over the partition claim.  The Court therefore granted Defendants' motion to dismiss that claim.  Thereafter, Defendants filed a motion for summary judgment with respect to the claims of breach of fiduciary duty and equitable accounting.  On July 20, 2005, the Court "seriously question[ed] whether the requisite jurisdictional amount existed at the time the complaint was filed," and issued a show cause order directing Plaintiff to show cause within thirty (30) days why the case should not be dismissed for lack of subject matter jurisdiction.  (Memorandum and Order, at p. 5 (July 20, 2005)).  Plaintiff, however, did not respond to the Court's show cause order.  On August 23, 2005, the Court therefore dismissed, without prejudice, Plaintiff's remaining claims.  (Order (August 23, 2005)).

## II.  Discussion

Defendants have moved, pursuant to Federal Rule of Civil Procedure 54, 28 U.S.C. §§ 1919, 1927 and the Court's inherent powers, for an award of costs and attorney fees incurred in defending this lawsuit. Defendants seek recovery from both Plaintiff and the various attorneys that have represented him over the course of this litigation.  Plaintiff and his attorneys oppose

3

Defendants' motion for costs and attorney fees.

### A. Attorney Fees

#### 1. General Rule

The Court begins with the general rule that, in the United States, a prevailing party may not recover attorneys' fees. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). Instead, attorneys' fees are an extraordinary remedy allowed only where Congress has specifically authorized a shifting of fees or, in certain circumstances, under the court's inherent power. Alyeska Pipeline, 421 U.S. at 257-260; Tiedel v. Northwestern Michigan College, 865 F.2d 88, 93 (6th Cir. 1988).

#### 2. Fed. R. Civ. P. 54

This Court notes that Rule 54 of the Federal Rules of Civil Procedure does not provide an independent basis for the recovery of attorneys' fees. Abrams v. Lightolier Inc., 50 F.3d 1204, 1223-24 (3rd Cir. 1995); 10 Moore's Federal Practice § 54.150 (Matthew Bender 3d ed.). Instead, the Rule merely provides the procedure for the recovery of those fees in federal court. As the Rule indicates, a party must specify the statute, rule or other basis for an award of attorneys' fees. Fed. R. Civ. P. 54(d)(2)(B).

Defendants' motion identifies the Court's judgment and the basis for their request for attorneys' fees as required by Rule 54. Plaintiff and his attorneys, however, argue that Defendants' motion for attorney fees is untimely. In that respect, Rule 54 provides, in relevant part, that "[u]nless otherwise provided by statute or order of the court, [a] motion [for attorney fees] must be filed no later than 14 days after entry of judgment...." Fed. R. Civ. P. 54(d)(2)(B). A late filing is permitted only upon a showing of excusable neglect under Rule 6(b)(2) of the

Federal Rules of Civil Procedure. See Allen v. Murph, 194 F.3d 722, 723 (6th Cir. 1999).

Defendants respond that the timeliness argument is "in apparent ignorance of Local Rule 54.1(a)." However, Local Rule 54.1 does not specifically refer to the filing of a motion for attorneys' fees. S.D. Ohio Civ. R. 54.1. See also Equal Employment Opportunity Commission v. International Association of Fire Fighters, No. C2-98-339, 2001 WL 1854317, *2 (S.D. Ohio October 4, 2001). Therefore, Local Rule 54.1 cannot alter the time requirements for filing a motion for attorneys' fees under Fed. R. Civ. P. 54(d)(2)(B).

The Court entered judgment in this case on August 23, 2005. Defendants filed their motion for attorney fees on September 16, 2005. Although the filing of a post-judgment motion for review, *e.g.*, a motion pursuant to Rule 59 of the Federal Rules of Civil Procedure, may suspend the finality of the judgment, see Miltmore Sales, Inc. v. International Rectifier, Inc., 412 F.3d 685, 691-92 (6th Cir. 2005), no such motions were filed in this case. Therefore, because Defendants' motion was not filed within 14 days of the judgment in this case, it is untimely under Rule 54(d)(2)(B). In any event, as will be discussed *infra*, this Court concludes that an award of attorney fees is not appropriate under the circumstances of this case.

### 3. Inherent Powers Exception

Under a court's inherent power to supervise and control its proceedings, attorneys' fees may be awarded where the losing party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); Alyeska Pipeline, 421 U.S. at 258-259 (quoting F.D. Rich Co., Inc. v. United States, 417 U.S. 116, 129 (1974)); First Bank of Marietta v. Hartford Underwriters Insurance Co., 307 F.3d 501, 512 (6th Cir. 2002)(citations omitted). The Supreme Court has noted, however, that this inherent power must

5

be "exercised with great caution." Chambers, 501 U.S. at 43-44.

Defendants contend that Plaintiff and his attorneys "filed [the] complaint in bad faith and litigated in bad faith, simply in order to harass his nieces and coerce the payment of money." (Memorandum of Law in Support of Defendants' Motion for Attorneys Fees and Costs at p. 1). However, this Court cannot conclude that Defendants have satisfied their burden of establishing that Plaintiff and/or his attorneys acted in bad faith or otherwise vexatiously, wantonly or for oppressive reasons. While Plaintiff and/or his attorneys may not have been entirely diligent in litigating this case, as was noted by the Magistrate Judge, (see Opinion and Order (February 20, 2004)), this Court cannot conclude that such a lack of diligence equates with bad faith.

Moreover, Defendants' request for attorneys' fees appears to be based on the Court's finding that subject matter jurisdiction does not exist. On July 19, 2005, the Court directed Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (Memorandum and Order (July 19, 2005)). Because Plaintiff failed to respond, the Court concluded that Plaintiff had not met his burden of establishing that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," as required by 28 U.S.C. § 1332(a). (Order (August 23, 2005). The Court will not infer bad faith from Plaintiff's failure to respond to the show cause order.

In any event, Plaintiff and his attorneys have now submitted evidence indicating that, at all times, they acted in good faith. This Court cannot conclude that Plaintiff or his attorneys acted in bad faith or engaged in vexatious litigation and, therefore, the Court will not exercise its inherent power to sanction Plaintiff or his attorneys.

### 4. Statutory Exceptions

### a. 28 U.S.C. § 1927

Under § 1927 of Title 28 of the United States Code, the Court may award sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."[1] Awards of sanctions under § 1927 are discretionary. See Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc., 88 F.3d 368, 375 (6th Cir. 1996). A showing of subjective bad faith, however, is not required for such an award of sanctions. Jones v. Cont'l Corp., 789 F.2d 1225, 1230 (6th Cir. 1986).

Absent a showing of bad faith, sanctions may be imposed "at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims. Ridder v. City of Springfield, 109 F.3d 288, 298 (6th Cir. 1997) cert. denied 522 U.S. 1046 (1998). See also Shepherd v. Wellman, 313 F.3d 963, 969 (6th Cir. 2002) (citations omitted). However, the Sixth Circuit has specifically noted that, "the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." Riddle v. Egensperger, 266 F.3d 542, 553 (6th Cir. 2001) (quoting Ridder, 109 F.3d at 298). "There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." In re Ruben, 825 F.2d 977,

---

[1] The Court also notes that § 1927 is specifically excepted from Rule 54(d)(2)(B)'s timeliness requirement. Fed. R. Civ. P. 54(d)(2)(E).

984 (6th Cir. 1987), cert. denied, 485 U.S. 934 (1988).

In this case, the Court never reached the underlying merits of Plaintiff's claims. Thus, this Court cannot conclude that Plaintiff's attorneys pursued claims that were known to be frivolous. Instead, Defendants' request for attorneys' fees is based on the Court's dismissal for lack of subject matter jurisdiction.

Defendants bear the burden of establishing the appropriateness of attorneys' fees in this case. As the Supreme Court has recognized, the mere fact that a claim is ultimately dismissed is not enough to support an award of attorney fees; a court should not engage in such *post hoc* reasoning. See Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421-422 (1978). As was noted *supra*, although Plaintiff and/or his attorneys may not have acted diligently, this Court cannot conclude that they acted vexatiously; "the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." Riddle, 266 F.3d at 553 (quoting Ridder, 109 F.3d at 298). Therefore, this Court cannot conclude that sanctions under § 1927 are warranted in this case.

### b.  28 U.S.C. § 1919

Finally, Section 1919 of Title 28 of the United States Code provides that "[w]henever any action or suit is dismissed in any district court ... for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. However, § 1919 does not provide for the recovery of attorney fees. See Signorile v. Quaker Oats Co., 499 F.2d 142, 145 (7th Cir. 1974); Idea Place Corp. v. Fried, 390 F. Supp.2d 903, 905 (N.D. Cal. 2005); Levake v. Zawistowski, No. 02-C-0657-C, 2004 WL 602649, *3 (W.D. Wis. March 12, 2004). Therefore, § 1919 does

8

not provide a basis for this Court to depart from the general rule that attorneys' fees are not available to the prevailing party.

### B.  Costs

Defendants also seek an award of costs.  Rule 54 of the Federal Rules of Civil Procedure provides, in relevant part, that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, cost other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...."  Fed. R. Civ. P. 54(d)(1). Moreover, pursuant to Local Rule 54.1(b), "[c]osts shall be taxed by the Clerk after all parties have had an opportunity to be heard on the motion schedule provided in S.D. Ohio Civ. R. 7.2."

All parties have had an opportunity to address Defendants' request for costs.  Plaintiff has failed to provide any basis to depart from the general rule stated in Rule 54.  Therefore, the Court will direct the Clerk to award costs to Defendants pursuant to Local Rule 54.1(b).

**WHEREUPON**, Defendants' motion for an award of attorney fees and costs (Doc. # 90) is **GRANTED** in part and **DENIED** in part.  Defendants' request for attorneys' fees is **DENIED**.  Defendants' request for costs will be forwarded to the Clerk to enter an award of costs pursuant to S.D. Ohio Civ. R. 54.1.

**IT IS SO ORDERED.**

May 8, 2006                                                      /s/ John D. Holschuh
                                                                              John D. Holschuh, Judge
                                                                              United States District Court